GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

David Debold
Direct: +1 202.955.8551
Fax: +1 202.530.9682
DDebold@gibsondunn.com

March 28, 2016

VIA ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

   Re: Anastasio v. Total Gas & Power North America, Inc.
      Case No. 15 Civ. 09689 (JGK)

Dear Judge Koeltl:

  We represent defendant TOTAL Gas & Power North America, Inc. ("TGPNA") in the above-captioned action. Pursuant to Rule 2.A of this Court's Individual Practices, defendant respectfully requests a pre-motion conference with the Court in anticipation of filing a motion to dismiss plaintiffs' second amended complaint, Dkt. 19, (hereinafter "the Complaint"). This letter offers a high-level summary of the case and previews at least some of the arguments that defendant is considering in its motion to dismiss the Complaint.

  Defendant is ready to conduct the pre-motion conference for this motion at the conference scheduled for March 30, 2016 at 10:30 a.m.

## BACKGROUND

  Plaintiffs are individual commodities traders, a commodities-trading firm, and a public utility district that "transacted in physical and financial natural gas products." Dkt. 19, ¶¶ 18-21. Plaintiffs allege that TGPNA and two of its employees settled a Commodities Future Trading Commission ("CFTC") investigation last year and that the Federal Energy Regulatory Commission ("FERC") has issued a Staff Notice of Alleged Violations against TGPNA and the same individuals based on overlapping alleged facts.

  Defendant neither admitted nor denied the allegations made by the CFTC in its order approving the settlement (which totaled $3.6 million). The FERC matter is still in the investigatory stage. If and when FERC institutes an enforcement action, defendant intends to vigorously defend against the allegations.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable John G. Koeltl
March 28, 2016
Page 2

The Complaint relies heavily on so-called conclusions drawn from the CFTC's and FERC's mere and brief allegations.  Those agencies allege a supposed scheme, between June 2009 and June 2012, to manipulate the price of monthly natural gas indices at four regional hubs in Texas, New Mexico, and California so as to benefit TGPNA's positions in a different market:  natural gas futures.  The Complaint also states that an unidentified "expert" was hired by plaintiffs to conduct a review of publicly available trading information.  Plaintiffs seek damages for alleged (1) commodities manipulation under the Commodity Exchange Act ("CEA"), in violation of 7 U.S.C. § 13(a)(2); (2) CEA false reporting, in violation of 7 U.S.C. § 9(1); and (3) unlawful monopolization, in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

## DISCUSSION

The gist of defendant's motion will be that plaintiffs' conclusory allegations fail to rise to the level of plausibility required under Rule 12.  This is true for at least four independent reasons, each of which will be developed in more detail in defendant's motion to dismiss:

1. Plaintiffs lack Article III standing, because they do not sufficiently allege an injury.  In fact, the Complaint does not identify a single trade that any plaintiff made, let alone one that could have been negatively affected by TGPNA's alleged conduct.  *See In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010) ("As no named plaintiff has alleged that he or she purchased Certificates in any of the other eighty-five offerings, none can have been injured with respect to those offerings.  None, therefore, has standing to bring claims with respect to these offerings.").

2. Most of Complaint's factual allegations should be stricken as immaterial pursuant to Rule 12(f), because the Complaint copies (nearly word-for-word) large swaths of the CFTC settlement order.  As the district court in *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593–95 (S.D.N.Y. 2011) recognized, "[p]laintiffs are . . . prohibited from relying on the CFTC Order to plead the underlying facts of liability."  Without these allegations, the Complaint cannot state any claim.

3. Even if the Court did not strike the allegations that rely on the CFTC settlement order, plaintiffs did not and cannot plead a clear and concise statement of the elements of their CEA claims as required by Rule 8, let alone with the particularity required by Rule 9(b) for claims that allege fraud.  For example, even if the CFTC allegations are included, the Complaint is devoid of plausible and non-conclusory allegations that TGPNA had the requisite specific intent to cause artificial prices.

GIBSON DUNN

The Honorable John G. Koeltl
March 28, 2016
Page 3

Specific intent is an essential element of the CEA manipulation claims.  And, to take another example, the Complaint also lacks any plausible allegations that TGPNA transmitted a "false or misleading or inaccurate report," which is a required element of plaintiffs' claim for false reporting.

4. Finally, plaintiffs fail to plead adequately each essential element of their antitrust claims.  For example, the Complaint does not plausibly allege that plaintiffs suffered an antitrust injury sufficient to give them antitrust standing.  *See Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990) (defining such an injury as any loss "stem[ming] from a competition-reducing aspect or effect of the defendant's behavior").  Further, plaintiffs do not allege in anything but the most conclusory terms that TGPNA possessed monopoly power or engaged in anticompetitive conduct, as is required to state a claim for a Sherman Act violation.

For the above-stated reasons alone, the Complaint should be dismissed.

      Respectfully submitted

      /s/ *David Debold*

      David Debold (*admitted pro hac vice*)
      GIBSON, DUNN & CRUTCHER LLP
      1050 Connecticut Avenue, N.W.
      Washington, DC 20036-5306

      *Counsel to TOTAL Gas & Power North America, Inc.*

cc: All counsel of record (*via ECF*)